## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REDA ABDELAAL and REHAN MOHAMAD** | * | **CIVIL ACTION** |
| **on behalf of minor H.A.,** | * | |
| Plaintiffs | * | **NO.  25-cv-01908** |
| | * | |
| **VERSUS** | * | **JUDGE, SECTION L** |
| | * | **ELDON E. FALLON** |
| **JEFFERSON PARISH SCHOOL BOARD;** | * | |
| **SHONNETTE FLAKES; LAKEYIA MCGHIE;** | * | **MAGISTRATE 5** |
| **ZEDRA LOUIS; KATRINA TORRADO; DOE** | * | **MICHAEL B. NORTH** |
| **DEFENDANTS 1-10, INCLUDING** | * | |
| **INDIVIDUALS A, B, C, D, E, F, G, H AND I** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, come the defendants, Dr. James Gray, Katrina Torrado, and the  Jefferson Parish School Board (sometimes referred to herein as "defendants"), who in response to the Complaint filed herein by Reda Abdelaal and Rehan Mohamad on behalf of H.A. (sometimes referred to herein as "plaintiffs"), respectfully submit the following:

### FIRST DEFENSE

The Complaint and/or portions thereof, should be dismissed in whole or in part for its failure to state a claim against the defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat*

1

*superior.*

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over plaintiffs' claims.

### FOURTH DEFENSE

The Court is without jurisdiction in this matter as to all claims asserted by the plaintiffs as the Complaint fails to state a valid claim for relief under the Constitution of the United States or any United States statute, thereby also resulting in failure to state a claim under the Louisiana Constitution or laws of the State of Louisiana.

### FIFTH DEFENSE

Defendants aver that the plaintiffs' damages, if any, are barred and/or limited by the doctrine of estoppel and by after acquired evidence.  Further, plaintiffs' claims and damages, if any, may be barred, in whole or in part, by laches, waiver, bad faith and/or unclean hands.

### SIXTH DEFENSE

Even if it is ultimately determined that the plaintiffs are entitled to damages, which the defendants deny, the plaintiffs have failed to make reasonable efforts to mitigate their alleged damages.  Further, even if it is ultimately determined that the plaintiffs are entitled to damages, which is denied, plaintiffs are entitled to no more than nominal damages.

### SEVENTH DEFENSE

Plaintiffs are not entitled to the requested relief, nor parts thereof, and are not entitled to damages, if same are to be inferred from these pleadings, under any circumstances.

**EIGHTH DEFENSE**

Defendants affirmatively plead that the alleged incidents and alleged damages herein resulted solely from the acts and/or negligence and/or fault and/or intentional acts of a third person or persons, or party or parties, for whom the defendants are not responsible such that those actions cannot be imputed to the defendants, all of which serve to bar and reduce any recovery by plaintiffs herein.

**NINTH DEFENSE**

Further, defendants affirmatively plead that the alleged incidents and alleged damages herein resulted solely from the prior acts and/or actions of the plaintiffs' minor child himself, whether negligent or intentional, and for which he alone is responsible, all of which serve to bar and reduce any recovery by plaintiffs herein.

**TENTH DEFENSE**

Defendants affirmatively plead that the Complaint is untimely and subject to applicable statutes of limitation, prescription, peremption, latches and repose.

**ELEVENTH DEFENSE**

Defendants affirmatively plead that all Constitutional provisions, federal and state statutes, regulations, codes, and laws either referenced directly or by implication in the Complaint constitute the best evidence of their own terms and conditions.

**TWELFTH DEFENSE**

Defendants affirmatively plead the provisions of La. R.S. 13:5101 through 5112, also known as the Louisiana Governmental Claims Act, which act provides for a statutory cap on

damages in suits against political subdivisions, their employees and their insurers.

## THIRTEENTH DEFENSE

Defendants affirmatively plead all defenses, privileges and immunities set forth in Rule 8.C. of the Federal Rules of Civil Procedure which are and are potentially applicable under the facts as alleged in the Complaint, and all Affirmative Defenses set forth in La. C.C.P. Art. 1005, likewise applicable or potentially applicable, including without limitation, estoppel and waiver, in this case.

## FOURTEENTH DEFENSE

Defendants affirmatively plead all defenses and objections set forth in Rule 12 of the Federal Rules of Civil Procedure which are and are potentially applicable under the facts as alleged in the Complaint.

## FIFTEENTH DEFENSE

Defendants affirmatively plead all defenses, privileges and immunities, as well as any and all qualified immunity, if any, and other applicable immunities and/or limitations of liability not expressly stated herein available under the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana.

## SIXTEENTH DEFENSE

Defendants specifically plead all of the applicable provisions of the Constitution and laws of the United States, including but not limited to the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1873 (29 U.S.C. § 794a), 42 U.S.C. §12132, and 20 U.S.C. §1400 *et seq.,* including  20 U.S.C. §1415,  and the Constitution and laws of the State of

4

Louisiana, including but not limited to the Louisiana Division of Administrative Law (LADL) in defense of this matter.

## SEVENTEENTH DEFENSE

Defendants have not denied plaintiffs any Constitutional rights, neither Federal nor State, have not denied due process, have not denied any civil rights, and have not denied equal protection to  the plaintiffs.  Defendants' actions have been applied evenly and without exception.

## EIGHTEENTH DEFENSE

Defendants have not discriminated against the plaintiffs in any respects or for any reason, in particular by reason of autism, cerebral palsy or any other disability, nor have the defendants at any time herein denied the plaintiffs the benefits of its services, programs or activities.  In addition, the defendants have at no time herein failed to provide the plaintiffs with any and all reasonable accommodations, nor have the defendants failed to provide any reasonable and appropriate modifications to its policies, practices and procedures.

## NINETEENTH DEFENSE

Defendants, at all times herein, have been in full compliance with the current and applicable Federal law, State law, the procedures, policies and practices of the Jefferson Parish School Board itself, and the Rules and Regulations of the Louisiana State Department of Education, which were in effect at all times alleged herein.  Further, all of the defendants' actions in these premises with regard to the plaintiffs and the treatment of the plaintiffs' minor child at all times have been reasonable.  Further, these actions have not been arbitrary, have been without

malice, without intent to deprive plaintiffs or anyone else of any rights, without reckless

indifference, and have been supported by sufficient and substantial evidence.  At all times,

defendants have not only followed the applicable laws, regulations, procedures, policies and

practices but have acted responsibly in their treatment of the plaintiffs, at all times herein acting

on the basis of legitimate business and pedagogic reasons, taking due recognition of plaintiffs'

minor child's disabilities, including autism and cerebral palsy.  At no time herein have the

defendants failed to reasonably accommodate the plaintiffs' minor child's disabilities.

### TWENTIETH DEFENSE

Defendants, at all times herein, have instituted, enforced and maintained policies,

practices, and procedures for the training of all School Board personnel, particularly those

dealing with students such as plaintiffs' minor child, involving the recognition of and

accommodating said students' own particular disabilities.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims herein, including those brought pursuant to the Americans with

Disabilities Act (ADA) and the Rehabilitation Act (RA), and in particular but not limited to those

claims based upon the alleged failure to provide proper and adequate training, to provide

properly trained personnel, to provide reasonable accommodations, and to provide reasonable

modifications to policies, practices and procedures, are barred, in whole or in part, by the failure

to exhaust administrative remedies, including but not limited to those provided under the IDEA.

### TWENTY-SECOND DEFENSE

Any actions taken by the defendants, or any employees, agents and representatives of

defendants were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the defendants to the defense of qualified immunity, if applicable.  Towards that end, the defendants plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1 to the other defendants by reason of any theory of vicarious liability.

## **TWENTY-THIRD DEFENSE**

Defendants further submit that the claims of the plaintiffs are frivolous, groundless, unreasonable and without merit under the applicable law, and as such, the defendants are entitled to and seek an award herein against the plaintiffs for all attorney fees and costs expended in the defense of this matter pursuant to the applicable provisions of all statutes and laws referenced in this Answer, including but not limited to 42 U.S.C.A. §1983 in the event that the Court finds in favor of the defendants.

## **TWENTY-FOURTH DEFENSE**

Defendants deny that plaintiffs are entitled to any of the relief requested in the prayer for relief, namely "Relief Requested" including but not limited to declaratory relief, any other relief or damages claimed, compensatory damages, special and punitive damages, nominal damages, and any other form of damages, attorney's fees, costs, and judicial interest, and further deny that the plaintiffs are entitled to any relief whatsoever.

### TWENTY-FIFTH DEFENSE

All allegations not specifically admitted herein are denied.  Further, defendants deny any and all other allegations which may be inherent from but unstated in the pleadings.

### TWENTY-SIXTH DEFENSE

Defendants are entitled to and request Trial by Jury on all of the issues contained herein triable by a jury, even were the plaintiffs to withdraw their request for Jury Trial.

### TWENTY-SEVENTH DEFENSE

Defendants reserve the right to assert additional defenses as they become evident through further discovery and investigation.  Defendants also reserve their right to amend and/or supplement this Answer as discovery progresses.

### TWENTY-EIGHTH DEFENSE

**NOW**, defendants respond to the allegations of the plaintiffs' Complaint, paragraph by paragraph, as follows:

1.

The allegations contained in paragraph 1. of the Complaint require no answer; however, in an abundance of caution, those allegations are denied.

2.

The allegations contained in paragraph 2. of the Complaint are denied.

3.

The allegations contained in paragraph 3. of the Complaint are denied.

4.

The allegations contained in paragraph 4. of the Complaint are denied.

5.

The allegations contained in paragraph 5. of the Complaint are denied.

6.

The allegations contained in paragraph 6. of the Complaint are denied.

7.

The allegations contained in paragraph 7. of the Complaint require no answer; however, in an abundance of caution, those allegations are denied.

8.

The allegations contained in paragraph 8. of the Complaint are denied.

9.

The allegations contained in paragraph 9. of the Complaint are denied.

10.

The allegations contained in paragraph 10. of the Complaint are denied, except to admit that the Jefferson Parish School Board is a political subdivision of the State of Louisiana, statutorily charged to educate the students of Jefferson Parish.

11.

The allegations contained in paragraph 11. of the Complaint are denied.

12.

The allegations contained in paragraph 12. of the Complaint are denied.

13.

The allegations contained in paragraph 13. of the Complaint are denied.

14.

The allegations contained in paragraph 14. of the Complaint are denied.

15.

The allegations contained in paragraph 15. of the Complaint are admitted.

16.

The allegations contained in paragraph 16. of the Complaint are admitted.

17.

The allegations contained in paragraph 17. of the Complaint are denied.

18.

The allegations contained in paragraph 18. of the Complaint are denied.

19.

The allegations contained in paragraph 19. of the Complaint are denied except to admit that venue may be proper as to some claims at this time.

20.

The allegations contained in paragraph 20. of the Complaint are denied.

21.

The allegations contained in paragraph 21. of the Complaint as are denied.

22.

The allegations contained in paragraph 22. of the Complaint are denied .

10

23.

The allegations contained in paragraph 23. of the Complaint are denied as the student's IEP is the best evidence of what is contained therein.

24.

The allegations contained in paragraph 24. of the Complaint are denied.

25.

The allegations contained in paragraph 25. of the Complaint are denied.

26.

The allegations contained in paragraph 26. of the Complaint are denied.

27.

The allegations contained in paragraph 27. of the Complaint are denied.

28.

The allegations contained in paragraph 28. of the Complaint are admitted.

29.

The allegations contained in paragraph 29. of the Complaint are denied, except to admit that H.A.'s parents requested to see video.

30.

The allegations contained in paragraph 30. of the Complaint are denied.

31.

The allegations contained in paragraph 31. of the Complaint are denied.

32.

The allegations contained in paragraph 32. of the Complaint are denied.

33.

The allegations contained in paragraph 33. of the Complaint are denied.

34.

The allegations contained in paragraph 34. of the Complaint are denied.

35.

The allegations contained in paragraph 35. of the Complaint are denied.

36.

The allegations contained in paragraph 36. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

37.

The allegations contained in paragraph 37. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

38.

The allegations contained in paragraph 38. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

39.

The allegations contained in paragraph 39. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

40.

The allegations contained in paragraph 40. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

41.

The allegations contained in paragraph 41. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

42.

The allegations contained in paragraph 42. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

43.

The allegations contained in paragraph 43. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

44.

The allegations contained in paragraph 44. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

45.

The allegations contained in paragraph 45. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

46.

The allegations contained in paragraph 46. of the Complaint require no answer; however, out of an abundance of caution, those claims are denied.

47.

The allegations contained in paragraph 47. of the Complaint are denied .

48.

The allegations contained in paragraph 48. of the Complaint are denied.

49.

The allegations contained in paragraph 49. of the Complaint are denied.

50.

The allegations contained in paragraph 50. of the Complaint are denied.

51.

The allegations contained in paragraph 51. of the Complaint are denied,.

52.

The allegations contained in paragraph 52. of the Complaint are denied.

53.

The allegations contained in paragraph 53. of the Complaint are denied.

54.

The allegations contained in paragraph 54. of the Complaint are denied.

55.

The allegations contained in paragraph 55. of the Complaint are denied.

56.

The allegations contained in paragraph 56. of the Complaint are denied.

57.

The allegations contained in paragraph 57. of the Complaint are denied.

58.

The allegations contained in paragraph 58. of the Complaint are denied for lack of specific information and specificity.

59.

The allegations contained in paragraph 59. of the Complaint are denied for lack of specific information and specificity.

60.

The allegations contained in paragraph 60. of the Complaint are denied for lack of specific information and specificity.

61.

The allegations contained in paragraph 61. of the Complaint are denied for lack of specific information and specificity.

62.

The allegations contained in paragraph 62. of the Complaint are denied for lack of specific information and specificity.

63.

The allegations contained in paragraph 63. of the Complaint are denied for lack of specific information and specificity.

64.

The allegations contained in paragraph 64. of the Complaint are denied for lack of specific information and specificity.

65.

The allegations contained in paragraph 65. of the Complaint are denied for lack of specific information and specificity.

66.

The allegations contained in paragraph 66. of the Complaint are denied for lack of specific information and specificity.

67.

The allegations contained in paragraph 67. of the Complaint are denied except to admit that allegations of abuse were reported to the appropriate authorities.

68.

The allegations contained in paragraph 68. of the Complaint are denied as the actual policies themselves are the best evidence of what is contained therein.

69.

The allegations contained in paragraph 69. of the Complaint are denied.

70.

The allegations contained in paragraph 70. of the Complaint are denied as the actual policies themselves are the best evidence of what is contained therein.

71.

The allegations contained in paragraph 71. of the Complaint are denied as the actual policies themselves as well as the applicable State law are the best evidence of what is contained therein.

72.

The allegations contained in paragraph 72. of the Complaint are denied.

73.

The allegations contained in paragraph 73. of the Complaint are denied.

74.

The allegations contained in paragraph 74. of the Complaint re denied.

75.

The allegations contained in paragraph 75. of the Complaint are denied.

76.

The allegations contained in paragraph 76. of the Complaint are denied.

77.

The allegations contained in paragraph 77. of the Complaint are denied except to admit that upon information and belief one of its former employees allegedly involved herein has been arrested.

78.

The allegations contained in paragraph 78. of the Complaint require no answer; however, out of an abundance of caution are denied.

17

79.

The allegations contained in paragraph 79. of the Complaint require no answer as the provisions thereof are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

80.

The allegations contained in paragraph 80. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

81.

The allegations contained in paragraph 81. of the Complaint  require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

82.

The allegations contained in paragraph 82. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

83.

The allegations contained in paragraph 83. of the Complaint are denied.

84.

The allegations contained in paragraph 84. of the Complaint are denied.

85.

The allegations contained in paragraph 85. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

86.

The allegations contained in paragraph 86. of the Complaint are denied.  They are further denied as the student's IEP is the best evidence of what is contained therein.

87.

The allegations contained in paragraph 87. of the Complaint are denied.  They are further denied as the student's IEP is the best evidence of what is contained therein.

88.

The allegations contained in paragraph 88. of the Complaint are admitted except to state that the answer to this allegation is irrelevant to the issue at hand herein.

89.

The allegations contained in paragraph 89. of the Complaint require no answer; however, out of an abundance of caution are denied.

90.

The allegations contained in paragraph 90. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

91.

The allegations contained in paragraph 91. of the Complaint are denied.

92.

The allegations contained in paragraph 92. of the Complaint require no answer; however, out of an abundance of caution are denied.

93.

The allegations contained in paragraph 93. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

94.

The allegations contained in paragraph 94. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

95.

The allegations contained in paragraph 95. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

96.

The allegations contained in paragraph 96. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

97.

The allegations contained in paragraph 97. of the Complaint are denied for lack of specific information and specificity.

98.

The allegations contained in paragraph 98. of the Complaint are denied.

99.

The allegations contained in paragraph 99. of the Complaint are denied.

100.

The allegations contained in paragraph 100. of the Complaint are denied.

101.

The allegations contained in paragraph 101. of the Complaint are denied.

102.

The allegations contained in paragraph 102. of the Complaint as denied.

103.

The allegations contained in paragraph 103. of the Complaint are denied.

104.

The allegations contained in paragraph 104. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

105.

The allegations contained in paragraph 105. of the Complaint require no answer;

however, out of an abundance of caution are denied.

106.

The allegations contained in paragraph 106. of the Complaint are denied.

107.

The allegations contained in paragraph 107. of the Complaint are denied.

108.

The allegations contained in paragraph 108. of the Complaint require no answer; however, out of an abundance of caution are denied.

109.

The allegations contained in paragraph 109. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

110.

The allegations contained in paragraph 110. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

111.

The allegations contained in paragraph 111. of the Complaint are denied.

112.

The allegations contained in paragraph 112. of the Complaint are denied for lack of specific information and specificity.

22

113.

The allegations contained in paragraph 113. of the Complaint require no answer; however, out of an abundance of caution are denied.

114.

The allegations contained in paragraph 114. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

115.

The allegations contained in paragraph 115. of the Complaint are denied.

116.

The allegations contained in paragraph 116. of the Complaint require no answer as the provisions thereof are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

117.

The allegations contained in paragraph 117. of the Complaint are denied.

118.

The allegations contained in paragraph 118. of the Complaint are denied.

119.

The allegations contained in paragraph 119. of the Complaint are denied.

120.

The allegations contained in paragraph 120. of the Complaint require no answer;

however, out of an abundance of caution are denied.

121.

The allegations contained in paragraph 121. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

122.

The allegations contained in paragraph 122. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

123.

The allegations contained in paragraph 123. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

124.

The allegations contained in paragraph 124. of the Complaint are denied.

125.

The allegations contained in paragraph 125. of the Complaint require no answer; however, out of an abundance of caution are denied.

126.

The allegations contained in paragraph 126. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best

evidence of what is contained therein; however, out of an abundance of caution are denied.

127.

The allegations contained in paragraph 127. of the Complaint require no answer; however, out of an abundance of caution are denied.

128.

The allegations contained in paragraph 128. of the Complaint require no answer as this calls for a conclusion of law, and further the provisions thereof and the jurisprudence are the best evidence of what is contained therein; however, out of an abundance of caution are denied.

129.

The allegations contained in paragraph 129. of the Complaint are admitted.

130.

The allegations contained in paragraph 130. of the Complaint require no answer as this calls for a legal conclusion; however, out of an abundance of caution are denied.

131.

The allegations contained in paragraph 131. of the Complaint require no answer as this calls for a legal conclusion; however, out of an abundance of caution are denied.

132.

The defendants deny plaintiffs' entire Prayer for Relief as found herein, and further deny that plaintiffs are entitled to declaratory relief, judgment on all causes of action, compensatory damages, special and punitive damages, nominal damages, and any other form of damages, nor are plaintiffs entitled to an award of attorney's fees and costs, nor legal interest, nor any other

relief sought in the premises.

133.

The allegations contained in paragraph 133. of the Complaint require no answer.

**FURTHER ANSWERING**, the  defendants aver as follows:

134.

Any and all actions taken by the defendant Jefferson Parish School Board, its agents, employees, administrators and/or representatives were taken pursuant to and under the applicable federal and state laws then in effect, further were taken under its own policies, procedures, and practices; and that all actions herein were taken for legitimate reasons, including but not limited to the safety of all persons involved, even the plaintiffs' minor child himself, in good faith, without malice, and without any wilful intent nor recklessness, nor intentionally directed to the plaintiffs' minor child on account of his disability or otherwise.

135.

At no time herein did the defendant Jefferson Parish School Board, nor any of its agents, employees, administrators and/or representatives, take any action that evidences any discriminatory animus nor discriminatory intent against the plaintiffs, nor the minor child, nor indeed was there any intentional discrimination by the Jefferson Parish School Board nor any of its employees, representatives or agents in this reasonable and legitimate educational decision, which was directed to and as the direct result of the actions of the plaintiffs' minor child himself. Certainly, at no time herein did the defendant Jefferson Parish School Board, nor any of its agents, employees, administrators and/or representatives act negligently, with gross negligence or

26

with willful disregard.

**WHEREFORE,** the defendants, Dr. James Gray, Katrina Torrado and the Jefferson Parish School Board, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of the defendants, Dr. James Gray, Katrina Torrado and the Jefferson Parish School Board, and against the plaintiffs dismissing the plaintiffs' Complaint with prejudice, at the plaintiffs' costs, and should the Court see fit, granting defendants the relief prayed for in its Twenty-Third Defense herein.

Respectfully submitted,

**GRANT & BARROW, APLC**

BY: _s/Olden C. Toups, Jr._

    **OLDEN C. TOUPS, JR., T.A.** (#12881)
**CONNER R. TOUPS** (#40974 )
**BRAD J. GEGENHEIMER** (#27475)
Attorneys for Dr. James Gray, Katrina Torrado and the Jefferson Parish School Board
238 Huey P. Long Avenue
P. O. Box 484
Gretna, Louisiana 70054
Telephone:  (504) 368-7888
Telecopier:  (504) 368-7263
Email: otoups@grantbarrow.com
      ctoups @grantbarrow.com
      bradg@grantbarrow.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading is a true and correct copy of this

pleading that was electronically filed with the Clerk of Court through the CM/EMF system which

will send electronic copies to all counsel of record and was served upon the following:

> David Lanser
> *Most & Associates*
> 201 St. Charles Ave.
> Suite 2500, #9685
> New Orleans, LA 70170

counsel of record for plaintiffs by telecopier, emailing, hand delivery and/or by depositing same

in the United States mail, postage prepaid, in accordance with the Federal Rules of Civil

Procedure on this 8th day of December, 2025.

> *s/Olden C. Toups, Jr.*
> **OLDEN C. TOUPS, JR.**