UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REDA ABDELAAL and REHAN MOHAMAD, on behalf of minor H.A., <br><br> Plaintiffs, <br><br> v. <br><br> JEFFERSON PARISH SCHOOL BOARD; ET AL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:25-cv-1908 <br> ) <br> ) <br> ) <br> ) <br> ) |

## **JOINT MOTION FOR APPROVAL OF MINOR'S SETTLEMENT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs Reda Abdelaal and Rehan Mohamad as natural tutors on behalf of their minor child, H.A., and Defendants[1] Jefferson Parish School Board, James Gray, and Katrina Torrado, who, upon suggesting to this Honorable Court that (1) the Parties have mutually agreed to settle any and all claims herein; (2) Plaintiffs Reda Abdelaal and Rehan Mohamad are the natural tutors of H.A.; and (3) settlement was agreed to through proceedings administered by Magistrate Judge Michael B. North, hereby move this Honorable Court for a judgment approving the settlement of all claims in the above-captioned matter and confirming the details herein in accordance with Fed. Rule Civ. Pro. 17 and La. Code Civ. Proc. Art. 4271.

The Parties aver as follows:

1.

---

[1] Named Defendants Lakeyia McGhie, Shonnette Flakes, Vijayshri Katyayani, and Zedra Louis, as well as Doe Defendants 1-10 (including Individuals A, B, C, D, E, F, G, H and I as identified in the Complaint), have yet to be joined into this lawsuit, but claims against them are nevertheless agreed to be dismissed.

1

Reda Abdelaal is a person of the full age of majority, a resident of Jefferson Parish, Louisiana, and a biological parent of the minor child, H.A.[2]

2.

Rehan Mohamad is a person of the full age of majority, a resident of Jefferson Parish, Louisiana, and a biological parent of the minor child, H.A.[3]

3.

Reda Abdelaal and Rehan Mohamad are currently married and assume equal legal responsibility for the minor child, H.A.[4]

4.

H.A. is a minor who has not reached the age of majority.[5]

5.

H.A. was one of the children born of the marriage between Reda Abdelaal and Rehan Mohamad.[6]

6.

As parents, Reda Abdelaal and Rehan Mohamad have the right and obligation to administer the property of their children.[7]

7.

On September 15, 2025, Reda Abdelaal and Rehan Mohamad filed suit on behalf of their minor child, H.A., against Defendants Jefferson Parish School Board, James Gray, Katrina

---

[2] Exhibit A (Declaration of Reda Abdelaal).
[3] Exhibit B (Declaration of Rehan Mohamad).
[4] Exs. A and B.
[5] Exs. A and B.
[6] Exs. A and B.
[7] La. Civ. Code Art. 229.

Torrado, Shonnette Flakes, Lakeyia McGhie, Zedra Louis, Vijayshri Katyayani, Doe Defendants 1-10, and Individuals A, B, C, D, E, F, G, H and I, as identified in the Complaint.[8]

8.

In their suit, Plaintiffs allege violations of the Americans with Disabilities Act (42 U.S.C. 12132) and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. Section 794); the Louisiana Human Rights Act (La. R.S. 51:2231 et seq) against the JPSB; Constitutional claims, including *Monell*, Failure to Properly Hire, Train and Supervise, and Bystander Liability, including unreasonable seizures forbidden by the Fourth Amendment to the United States Constitution; Louisiana State Law claims of Assault and Battery; Federal and State Law claims of Conspiracy; Louisiana State Law claims of Fraud and Falsification of an Educational Record; Louisiana State Law claims of Negligence and Negligent Infliction of Emotional Distress; and vicarious liability.[9]

9.

The lawsuit alleges repeated, daily physical hitting of the minor H.A., kicking H.A.'s wheelchair, using classmates to change H.A.'s diapers, verbally berating H.A., and denying H.A. meals, failure to provide the necessary training and oversight (supervision), and failure in the hiring of employees to prevent these alleged abuses.[10]

10.

Parties engaged in a settlement conference in front of Magistrate Judge Michael North on March 3, 2026.[11]

11.

---

[8] R. Doc. 1.
[9] R. Doc. 1.
[10] R. Doc. 1.
[11] R. Doc. 14.

3

Parties made substantial progress to resolve this lawsuit at that settlement conference and agreed to continue working towards resolution, with the assistance of the Magistrate Judge.[12]

12.

Parties reached a final settlement on April 28, 2026.[13]

13.

Specifically, Plaintiffs agreed to dismiss the lawsuit and release all related claims against all named and Doe Defendants 1-10 (including Individuals A, B, C, D, E, F, G, H and I, as identified in the Complaint) and CHUBB and/or ACE American Insurance Company in exchange for payment as more fully described in the Confidential Settlement Agreement and Release.[14]

14.

The settlement proceeds will be deposited into an interest-bearing FDIC (Federal Deposit Insurance Corporation) account pursuant to La. Code Civ. Proc. Art. 4521. Parties agree that these funds, less costs and fees as described in Plaintiffs' engagement agreement with undersigned counsel, will be deposited in a Special Needs Trust pursuant to La. Code Civ. Proc. Art. 4521 to be expended only on behalf of H.A.

15.

The Parties agree that this settlement is fair and avoids the hazards of the outcome of litigation of said claims. The Parties believe that the chances of sustaining the respective contentions are equally balanced by the chances of failing to sustain them and, therefore, they desire that these claims be compromised in accordance with the agreement herein and as set forth

---

[12] R. Doc. 14.
[13] R. Doc. 15.
[14] Exhibit C (Confidential Settlement Agreement and Release).

more fully in the Confidential Settlement Agreement and Release.[15] Before said compromise and settlement can be made, however, it is necessary for the Parties to have the approval of this Honorable Court in accordance with La. Code of Civ. Proc. Arts. 4265, 4271, and 4521.

16.

The sum of money to be paid to Reda Abdelaal and Rehan Mohamad on behalf of their minor child, H.A., will be received by their counsel and deposited into the designated Special Needs Trust as H.A.'s property in full, final, and complete compromise settlement of any and all past, present, and/or future claims, rights, demands, damages, rights of action, and causes of action whatsoever kind or character known or unknown, anticipated and unanticipated, which Plaintiffs, as H.A.'s parents and natural tutors, and which H.A. may or might have against Defendants, and/or to which he may be entitled, which would arise out of or result from the aforementioned incident. The payments identified above are contingent upon the following:

A.    Payment will be approved by the Court pursuant to Louisiana's laws regarding minor's settlements;

B.    Payment will result in a full and complete release of all claims against Defendants;

C.    Payment will not constitute any admission of liability on the part of Defendants;

D.    Plaintiffs agree to hold harmless, indemnify and defend Defendants from and against all claims, liens or privileges asserted by or on behalf of any healthcare providers, health insurers, Medicare, Medicaid, Medicare/Medicaid administrator, Most & Associates, any other attorneys and/or other party claiming a right to payment or reimbursement of any kind;

E.    Plaintiffs, on behalf of H.A. agree to execute a mutually agreed upon release agreement as referenced above;

G.    There will be no adverse judgment taken or entered against Defendants; and

H.    All claims will be dismissed with prejudice within thirty (30) days of receipt of the settlement funds.

---

[15] Ex. C.

17.

Reda Abdelaal and Rehan Mohamad, as natural tutors of the minor child H.A. believe that it is in the best interest of the minor child H.A. to accept this offer of settlement and compromise in order to avoid the burdens and uncertainties of litigation; the Parties, therefore, desire Court approval to enter into this compromise on behalf of the minor child, H.A.

18.

Reda Abdelaal and Rehan Mohamad, on behalf of the minor child, H.A., further recommend that they be empowered to receive and accept the sums outlined above on behalf of their minor child, H.A., via the designated Special Needs Trust and to sign and execute complete releases and indemnity agreements, and to do and perform any and all acts and deeds necessary to receive the sums of money for the said minor child, releasing any and all parties for any and all liability to the said minor child in consideration of said payment.

WHEREFORE, the Parties respectfully pray that this Honorable Court:

a.      Acknowledge and accept the role of Reda Abdelaal and Rehan Mohamad as natural tutors of H.A.;

b.      Approve the settlement and distribution of proceeds described above; and

c.      Authorize, empower, and direct Reda Abdelaal and Rehan Mohamad to compromise the claims of the minor child, H.A., in accordance with the compromise settlement set forth herein, and to sign and execute any release forms or compromise agreement for and on behalf of and in the name of the minor child H.A. in accordance with the Special Needs Trust and to give full and complete receipt thereof unto the Defendants and released parties, as well as their insurers, officers, executive officers, directors, shareholders, agents, employees, and representatives in such form as may be suggested by those parties.

Respectfully submitted,

*/s/ David Lanser*

William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Telephone: (504) 533-4521
Fax: (504) 414-6400
williammost@gmail.com
lanser@mostandassociates.com


**GRANT & BARROW, APLC**

/s/ *Olden C. Toups, Jr.*
**OLDEN C. TOUPS, JR., T.A. (#12881)**
**CONNER R. TOUPS (#40974 )**
**BRAD J. GEGENHEIMER (#27475)**
Attorneys for Dr. James Gray, Katrina
Torrado and the Jefferson Parish School
Board
238 Huey P. Long Avenue
P. O. Box 484
Gretna, Louisiana 70054
Telephone: (504) 368-7888
Telecopier: (504) 368-7263
Email: otoups@grantbarrow.com
        ctoups @grantbarrow.com
        bradg@grantbarrow.com